

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| ANTHONY LEROY DOCTOR, | § | |
| Petitioner, | § | |
| | § | Criminal Action No. 3:15-00634-MGL-1 |
| vs. | § | Civil Action No. 3:18-02157-MGL |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING THE PETITION

## I.    INTRODUCTION

Petitioner Anthony Leroy Doctor (Doctor), proceeding pro se, brought this motion to vacate his sentence (Doctor's motion or petition) alleging ineffective assistance of counsel.  The Court has jurisdiction over this case under 28 U.S.C. § 2255.

Pending before the Court are Doctor's petition and Respondent United States of America's (Respondent or the government) motion to dismiss.  Having carefully considered Doctor's petition, Respondent's motion, Doctor's response, the record, and the applicable law, it is the judgment of the Court Respondent's motion to dismiss will be granted and the petition will be denied.

## II.    FACTUAL AND PROCEDURAL HISTORY

In September 2015, the grand jury indicted Doctor on one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and

924(e) (Count One), and a forfeiture count. Prior to his trial, the government filed an information notifying Doctor it would take the position he was subject to the enhanced penalties on the felon in possession of a firearm charge based on three prior state convictions that qualified him as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).

These three prior state convictions included the following crimes: the first, a carjacking conviction, which involved Doctor forcing a man out of his car after producing a firearm and driving away in that car on May 10, 2008, at 2121 Two Notch Road in Columbia, South Carolina; the second, an assault and battery with intent to kill conviction, stemming from Doctor's attempt to rob a man at gunpoint on May 12, 2008, at 228 Lakeridge Parkway in Columbia, South Carolina; and, the third, a strong armed robbery conviction, dealing with Doctor taking by means of force or intimidation goods or monies from a man on the same day, May 12, 2008, at 3600 Two Notch Road in Columbia, South Carolina.

Represented by counsel, Doctor signed a plea agreement concerning the September 2015 federal charges in which he agreed to plead to an information charging him with violations of 18 U.S.C. §§ 922(j) and 924(a)(2) as opposed to Count One in the indictment. Doctor's plea agreement stipulated to an upward departure under the guidelines and an agreed-upon sentence to avoid the enhanced statutory mandatory penalties required under the ACCA. *See* Doctor's Plea Agreement at ¶ 7(c) ("The Defendant and his attorney stipulate and agree that the maximum sentence of 120 months (10 years) imprisonment with an appropriate term of supervised release and other conditions under 18 U.S.C. §§ 922(j) and 924(a)(2) is an appropriate sentence for the Defendant in light of the alternative charge outlined in the indictment and the Defendant's status as an armed career criminal."). In this plea agreement, Doctor waived his right to appeal.

The Court sentenced Doctor to a term of imprisonment of 120 months with a term of supervised release of three years. Upon motion by the government, the Court dismissed Count One of the indictment. Doctor filed a notice of appeal the following day. The Fourth Circuit Court of Appeals granted the government's motion to dismiss the appeal, with the mandate issuing July 13, 2017.

The Clerk of Court docketed Doctor's petition on August 6, 2018. Respondent then filed its motion to dismiss, and Doctor submitted a response to that motion. The Court, having been fully briefed on the relevant issues, will now adjudicate Respondent's motion and Doctor's petition.

## III.    STANDARD OF REVIEW

Petitions made under 28 U.S.C. § 2255 have a one-year limitations period. 28 U.S.C. § 2255(f). Relevant to the case at hand, the limitations period runs from: 1) "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate two elements: 1) "counsel's performance was deficient," and 2) "the deficient performance prejudiced the defense [so as to deprive the defendant of a fair trial]." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The first element analyzes whether trial counsel provided "reasonably effective assistance." *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

The second element "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The defendant raising an ineffective assistance challenge has an affirmative obligation to prove prejudice. *Id.* at 693.

"[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). "In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence," and the second prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 58–59. "In other words, in order to satisfy the prejudice requirement [of the second prong], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial." *Id.* at 59 (internal quotation omitted).

## IV.    DISCUSSION AND ANALYSIS

The government raises two arguments in support of its motion.

### A.    *Whether Doctor's petition is barred by the limitations period*

First, the government argues Doctor's petition is time barred. A defendant has one year from "the date on which the judgment of conviction becomes final" to seek review under Section 2255. 28 U.S.C. § 2255(f)(1). For purposes of the limitations period, when a defendant fails to seek a direct appeal to the United States Supreme Court, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). A petition for a writ of certiorari may be filed up to ninety days after the entry of judgment at the court of appeals. Sup. Ct. R. 13.

The Court sentenced Doctor on February 23, 2017, and he filed his notice of appeal the following day.  The Fourth Circuit Court of Appeals granted the government's motion to dismiss the appeal and issued the mandate finalizing its judgment on July 13, 2017.  Thus, Doctor had until October 11, 2017, to file a petition for writ of certiorari.  Doctor failed to file any such petition.

Accordingly, the limitations period for his Section 2255 petition began October 11, 2017, and expired on October 11, 2018.  The Clerk of Court docketed the immediate petition on August 6, 2018, well within the limitations period.  Accordingly, the Court concludes Doctor's petition is not barred by the limitations period.

**B.**     ***Whether Doctor received ineffective assistance of counsel during the plea process***

Second, the government contends Doctor received proper counsel such that his ineffective assistance claims are without merit.  Doctor makes three arguments in his petition as to his ineffective assistance of counsel claim: first, Doctor argues the government improperly deemed the ACCA applicable to him because his three state convictions arose out of the same criminal episode; second, Doctor contends his counsel failed to properly investigate his prior convictions and present arguments to the Court regarding the inapplicability of the ACCA; and, third, Doctor posits his counsel's advice to accept a plea offer, based on his determination Doctor's three prior convictions qualified as three predicate offenses pursuant to the sentencing guidelines, was defective.

All three of Doctor's arguments are predicated on the assumption his three prior state convictions are inadequate to trigger the ACCA.  The ACCA requires a fifteen-year minimum sentence for any person "who violates [18 U.S.C. §] 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).

According to the Fourth Circuit Court of Appeals, "[c]onvictions occur on occasions different from one another if each of the prior convictions arose out of a separate and distinct criminal episode." *United States v. Letterlough*, 63 F.3d 332, 335 (4th Cir. 1995) (internal quotations omitted). Factors to consider in this analysis include "whether the offenses arose in different geographic locations; whether the nature of the offenses was substantively different; and whether the offenses involved multiple victims or multiple criminal objectives." *Id.* at 335–36 (footnotes omitted). "[I]f any one of the factors has a strong presence, it can dispositively segregate an extended criminal enterprise into a series of separate and distinct episodes." *Id.* at 336.

In *Letterlough*, the court determined a criminal defendant's sale of drugs to an undercover police officer on the same day less than two hours apart constituted two separate and distinct criminal episodes under the ACCA as opposed to a single, continuous drug transaction. According to the court, the criminal defendant's "two drug sales, although perhaps occurring pursuant to a master plan to sell crack cocaine as a business venture, can hardly be said to constitute a single occasion." *Id.* at 337. Thus, once the criminal defendant "sold the first dose, as far as we know, he engaged in no criminal activity for over an hour and a half, at which point he chose to engage in another separate and distinct criminal transaction." *Id. See also United States v. Hobbs*, 136 F.3d 384, 390 (4th Cir. 1998) (holding "each of the three burglaries [that occurred within the space of an hour] should be treated as a separate and distinct crime, and thus each constitutes an occasion different from the others such that application of the ACCA is mandated."); *United States v. Williams*, 187 F.3d 429, 431–32 (4th Cir. 1999) (holding assault offenses against different police officers in the course of a chase "constituted two complete and discrete criminal transactions, and therefore were two separate and distinct episodes."). All three of Doctor's prior convictions, the Court concludes, qualify as separate and distinct criminal episodes under the ACCA.

6

First, the conduct for the May 12, 2008, assault and battery with the intent to kill and May 12, 2008, strong-arm robbery charges, although occurring on the same day, were perpetrated against different victims and occurred in unique locations, approximately 4.5 miles apart. *See* https://maps.google.com (last visited May 4, 2021) (calculating the distance between 228 Lakeridge Parkway, Columbia, SC 29203 and 3600 Two Notch Road, Columbia, SC 29204). The presence of two *Letterlough* factors—different geographic locations and the involvement of different victims—demonstrates these were separate and distinct criminal episodes.

Second, the conduct for the May 10, 2008, carjacking charge occurred two days prior to the conduct for the other two charges, making it a distinct and separate episode. Accordingly, the Court concludes Doctor has three separate and distinct prior criminal convictions for purposes of the ACCA.

Because Doctor's prior state criminal convictions constitute three separate offenses qualifying him for the ACCA sentencing enhancement, he fails to demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (internal quotation omitted). Consequently, Court will grant Respondent's motion to dismiss and deny Doctor's petition.

Finally, as per Doctor's request the Court hold an evidentiary hearing, in deciding a 28 U.S.C. § 2255 petition, the Court need not hold a hearing if "the [petition] and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255. The Court has thoroughly reviewed the petition, files, and records in this case, liberally construing Doctor's pro se petition, and concludes that no hearing is necessary.

**V.      CONCLUSION**

Respondent's motion to dismiss is **GRANTED**, and the petition is **DENIED WITH PREJUDICE**.  Thus, Doctor's motion for copies is **DEEMED AS MOOT**.

To the extent Doctor requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED.**

Signed this 25th day of May 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.